UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HORACE WITT,

                        Plaintiff,

        v.                                              Civil Action No.

BUFFALO CITY SCHOOL DISTRICT,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1.  This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2.  Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4.  Plaintiff, Horace Witt, is a natural person residing in County of Erie and State of New York.

5.  Defendant, Buffalo City School District, is a public school district organized under the laws of New York doing business in the State of New York.

6.  That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

7.  That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. That on or about April of 2021, the Defendant began calling and leaving automated voicemails to the Plaintiff's cellular telephone.

16. That the Defendant would leave automated and/or pre-recorded voice messages on Plaintiff's cellular telephone that pertained to events or matters involving various City of Buffalo schools.

17. The Plaintiff does not have any children that attend any school in the City of Buffalo.

18. That during the first few times that Plaintiff received the aforementioned voice messages from the Defendant, Plaintiff sent text messages to the numbers he was receiving the calls from and requested that he stop receiving these calls.

19. That Plaintiff also called ,one more than one occasion, the numbers that were calling him and requested that he stop receiving phone calls, including but not limited to calling McKinley high school.

20. The Plaintiff still continued to receive these calls to his cellular phone from the Defendant after his repeated attempts to stop these phone calls.

21. Over the course of 2021 through 2022, the Plaintiff has received at least 58 telephone calls from the Defendant wherein an artificial or pre-recorded voice played.

22. That Defendant's automated voicemails often lasted in duration from fifteen seconds to over a minute.

23. The voicemails would state different messages including but not limited to the following subjects: PTA meetings and agendas, school calendar reminders, student physicals, school closures and openings, pick up and drop off schedules, updates to student's technology devices, summer events including athletics and reading programs, graduation rehearsals, grab and go meal service, teaching aid and bus aid opportunities, freshman orientation to high school, 2021-2022 school opening updates, and tutoring opportunities

24. That the telephone calls and voicemails made by the Defendant at times rendered Plaintiff's telephone unusable due to the excessive number of messages and calls.

25. That the telephone calls and voicemails from the Defendant were annoying and upsetting to the Plaintiff.

26. That upon information and belief, that the Defendant initiated multiple telephone calls and voicemails to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted artificial messages.

### V. COUNT ONE
### (Telephone Consumer Protection Act of 1991
### and 47 C.F.R. 64.1200, et seq.)

27. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

28. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiff to make such calls and leave such messages.

29. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable teletelephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

31. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

32. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

33. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

34. The Defendant caused said teletelephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages  pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c)  Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d)  For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury of all issues in this action.

/s/Seth J. Andrews
Seth J. Andrews, Esq.
The Andrews Firm
43 Court St., Suite 810
Buffalo, NY 14202
716-906-8685
sandrews@theandrewsfirm.com